ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JORGE M. BLASINI CRUZ<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500130 | Revisión administrativa procedente de Departamento de Corrección y Rehabilitación<br><br>Caso Núm. 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<br><br>Sobre: Reconsideración |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de marzo de 2025.

Comparece el señor Jorge M. Blasini Cruz, en adelante el señor Blasini o el recurrente, quien solicita "que lo relevemos de esperar los 90 días de prórroga que solicitó el Departamento de Corrección y Rehabilitación", en adelante el DCR o el recurrido, para atender una moción de reconsideración.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente despacho…".[1] En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, se desestima el recurso por

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

incumplimiento del Reglamento del Tribunal de Apelaciones.

-I-

En el contexto de una *Querella* administrativa por violación a los códigos 108 (posesión, distribución, uso, venta o introducción de teléfonos celulares o equipo de telecomunicaciones) y 200 (contrabando), el recurrido emitió una *Resolución* sobre querella disciplinaria.

En desacuerdo, el señor Blasini presentó una *Moción Solicitando Reconsideración*.

Inconforme, el recurrente acude ante nos mediante una *Moción Solicitando Auxilio de Jurisdicción Conf. al Relevo de Agotar Alguno o Todos los Remedios Adm. a Tenor de la Ley PAU. Regla 79 T.A.* Alega que expirado el término de 15 días desde que solicitó reconsideración ante la agencia, el DCR solicitó una prórroga por 90 días, "lo cual a nuestro entender resultaría en daños irreparables", debido a "la dilación excesiva".

Evaluado el escrito del recurrente y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Conviene señalar que, en cuanto al cuerpo de la revisión de las decisiones administrativas, la Regla 59 del Reglamento del Tribunal de Apelaciones establece lo siguiente:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

[…]

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

[…]

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

[…]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

[…]

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que

esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

[…] [2]

**B.**

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone:

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

[…]

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

[…]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. [3]

**-III-**

Una revisión del escrito del señor Blasini revela que no estamos ante un recurso susceptible de adjudicación por este foro intermedio. Veamos.

Para comenzar, el escrito ante nuestra consideración incumple crasamente con la Regla 59 del Reglamento del Tribunal de Apelaciones. [4] Esto es así porque no incluye señalamientos de error y menos aún

---

[2] Regla 59(C)(1)(b)(c)(e)(f) y (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[3] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).
[4] *Id.*

los discute. Además, no contiene un apéndice[5] que incluya las alegaciones ante la agencia;[6] la resolución objeto de revisión;[7] cualquier moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión;[8] y cualquier resolución u orden y moción, que forme parte del expediente original administrativo, en las que se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sea pertinente al mismo[9].

Así pues, aunque acompañó con el escrito la moción de reconsideración, no obra en el expediente copia de la determinación del DCR solicitando la extensión del término para atender la reconsideración. Ello nos impide determinar si tenemos jurisdicción para atender la solicitud de revisión judicial ante nos.

En todo caso, si lo que se impugna es la decisión del DCR para disponer de la reconsideración, estaríamos ante una determinación interlocutoria no revisable ante este Tribunal de Apelaciones.[10]

En síntesis, los defectos del escrito del recurrente ameritan su desestimación por no constituir un recurso revisable ante este foro. Todo ello indica que el escrito en cuestión no se presentó con diligencia ni plantea una controversia sustancial justiciable.

---

[5] Regla 59 (E) (1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E) (1).
[6] Regla 59 (E) (1) (a) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E) (1) (a).
[7] Regla 59 (E) (1) (c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E) (1) (c).
[8] Regla 59 (E) (1) (d) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E) (1) (d).
[9] Regla 59 (E) (1) (e) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E) (1) (e).
[10] Sección 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672).

En fin, el escrito del señor Blasini no constituye un recurso revisable bajo nuestro ordenamiento procesal.

Conviene destacar que, en situaciones como la presente, el Reglamento del Tribunal de Apelaciones dispone que este foro intermedio podrá, *motu proprio*, en cualquier momento, desestimar un recurso porque no se haya perfeccionado conforme a la ley y a las reglas aplicables.[11] En consideración a lo anterior, desestimamos el escrito del señor Blasini por incumplir con las Reglas 59 y 83 (B) (3) y (C) del Reglamento del Tribunal de Apelaciones.

**-IV-**

Por los fundamentos antes expuestos, se desestima el recurso de autos por incumplir con las disposiciones de las Reglas 59 y 83 (B) (3) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

**Notifíquese al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre. Notifíquese, además, al Procurador General.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).